IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Debra Norris, | * | Case No. 3:15-cv-285 |
| Plaintiff, | * | |
| | | District Judge Thomas R. Rose |
| v. | * | Magistrate Judge Michael J. Newman |
| | * | |
| DTG Operations, Inc. d/b/a Thrifty Car Rental | * | |
| | * | |
| Defendant. | | |
| | * | |

**AGREED PROTECTIVE ORDER**

The parties having agreed to the entry of a protective order, and it appearing to the Court that such an order is necessary, appropriate, and will facilitate discovery, it is hereby **ORDERED** that:

1. The parties, or a non-party producing documents or information, may designate as "Confidential Information" any documents, deposition transcripts, or exhibits (or portions of any documents, deposition transcripts, or exhibits) that they believe should be subject to the terms of this Agreed Protective Order. The parties, or a non-party producing documents or information, may designate Confidential Information for which protected status is claimed by stamping or labeling such document "Confidential" on the first page of each document or by any other reasonable means of giving notice of the parties', or the non-party's, intent to claim protected status for the document. The parties agree that "Confidential Information" shall include Plaintiff's medical information, files and non-public personnel information concerning Defendant's current and former employees, and commercially sensitive information concerning

1

Defendant's business.

Confidential Information:

(a) Shall be disclosed to no one except the parties (and employees of the parties whose review of the information is necessary to this litigation), their attorneys (including the staff, secretarial, and clerical personnel of such counsel), deponents, Court reporters and recorders engaged for depositions, trial witnesses, any experts or consultants retained by the parties who have agreed to abide by the terms of this Agreed Protective Order and have executed the acknowledgement attached as Exhibit A, and the Court, in accordance with Paragraph 3;

(b) Shall be maintained in confidence; and

(c) Shall be used solely for the purpose of the above-captioned action.

2. This Agreed Protective Order shall not be deemed to encompass documents or information that was lawfully in a party's possession prior to the filing of the above-captioned action, so long as the party obtained and retained the documents or information without violating any federal or Ohio law or regulation or then-existing policies of Defendant.

3. When a party or non-party producing documents or information designates it as Confidential Information, a party seeking to file that Confidential Information with the Court shall notify the party or non-party that designated it as Confidential Information. The party or non-party that designated the document or information as Confidential Information shall move the Court for leave to authorize the filing of those materials under seal, and, if applicable, propose redactions to the Court that satisfy its interests in protection of the information, within thirty (30) days or else the other party is permitted to file the Confidential Information, subject to the Court's rules on redaction.

4. At the conclusion of the above-captioned action, by judgment or otherwise,

attorneys for any party that received documents designated as Confidential Information will request return or destruction of all documents designated as Confidential Information that were shared with staff, secretaries, clerical personnel, deponents, trial witnesses, experts, and consultants, and such individuals are required by this Agreed Protective Order to return all documents designated as Confidential Information, which were not filed with the Court, to the attorney making the request.  Counsel for each party will then return all documents designated as Confidential Information, which were not filed with the Court, and copies thereof, to the producing party or non-party, or destroy all such documents and copies, except that nothing herein shall require any party to return or destroy materials that are, in the judgment of counsel, attorney work product.  Any Confidential Information that is not returned because it contains attorney work product shall be destroyed or maintained in confidence consistent with the restrictions in this Agreed Protective Order.

5. Any party, or a non-party producing documents or information, after exhausting reasonable attempts to resolve the matter with opposing counsel without involving the Court, may bring before the Court any motion setting forth any problems or difficulties that arise as a result of this Agreed Protective Order, or for the purposes of modifying it, or for an order declaring that documents or information designated as "Confidential Information" by a party or a non-party is not confidential.  The burden of proving the propriety nature of a document's or particular information's "Confidential" designation shall be on the proponent of such protection.  Until the Court rules on such motion, documents and information designated as Confidential Information remain confidential under the terms of this Agreed Protective Order.

6. Nothing in this Order prevents or controls the introduction of evidence which may include Confidential Information at trial or an open hearing with this Court in this matter.  If a

3

party or a non-party who produced the documents or information opposes use of Confidential Information at trial, the party or non-party opposing its use must file a motion with the court stating the grounds for exclusion or for limiting use of the Confidential Information, to which the party seeking to admit the document, or any other party, shall have the opportunity to respond. The court, at its discretion, may hold an *in-camera* hearing regarding the motion.

7. In the event that it becomes necessary in the judgment of counsel for any party to use or disclose Confidential Information other than as permitted above, such use or disclosure may only be made upon written stipulation of the parties or upon further order of this Court.

8. Any document, exhibit, or transcript designated confidential in accordance with this Agreed Protective Order, which is otherwise admissible, may be used at trial, subject to the terms of this Agreed Protective Order, provided that all "Confidential" stamps placed on such document, exhibit, or transcript may be removed prior to use at trial by the party seeking to use the document, exhibit, or transcript. The removal of the "Confidential" stamp under this paragraph, however, will not affect the confidential status of the document or information under this Agreed Protective Order.

9. It is recognized by the parties to this Agreed Protective Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be erroneously designated as confidential, or documents or information that are entitled to confidential treatment may erroneously not be designated as confidential. The parties to this Agreed Protective Order may correct their confidentiality designations, or lack thereof, and will, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation.

10. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th

Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3.  This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

    **IT IS SO ORDERED**.

Date:   February 16, 2016          *s/ Michael J. Newman*
                                                 Michael J. Newman
                                                 United States Magistrate Judge

**AGREED TO AS TO FORM AND SUBSTANCE, AND ENTRY REQUESTED:**

| | |
|---|---|
| /s/ *Matthew J.P. Coffman* | */s/ Jonathan R. Vaughn* |
| _____ | Jonathan R. Vaughn (Ohio Bar No. 0022897), Trial Attorney |
| Matthew J.P. Coffman (0085586) | VORYS, SATER, SEYMOUR AND PEASE LLP |
| (*mcoffman@mcoffmanlegal.com*) | 52 East Gay Street |
| **Coffman Legal, LLC** | Columbus, OH  43215 |
| 1457 South High Street | Telephone:  (614) 464-5672 |
| Columbus, Ohio 43207 | Facsimile:  (614) 719-5010 |
| (614) 949-1181 *Office* | E-mail:  jrvaughn@vorys.com |
| (614) 386-9964 *Fax* | |

**BRYANT LEGAL, LLC**

| | |
|---|---|
| /s/ *Daniel I. Bryant* | */s/ Megan M. Westenberg* |
| _____ | Megan M. Westenberg (Ohio Bar No. 0091004) |
| Daniel I. Bryant (0090859) | VORYS, SATER, SEYMOUR AND PEASE LLP |
| (*dbryant@bryantlegalllc.com*) | 301 East Fourth Street, Suite 3500 |
| 629 N. High Street, 4th Floor | Cincinnati, OH 45202 |
| c/o Industrious | Telephone: (513) 723-4005 |
| Columbus, Ohio 43215 | Facsimile: (513) 852-7880 |
| Telephone:  (614) 704-0546 | E-mail:  mmwestenberg@vorys.com |
| Facsimile:  (614) 573-9826 | |
| | *Counsel for Defendant DTG Operations, Inc.* |
| *Attorneys for Plaintiff* | |

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Ms. Debra Norris, | * | Case No. 3:15-cv-285 |
| Plaintiff, | * | |
| | | Judge Thomas R. Rose |
| v. | * | |
| | * | |
| DTG Operations, Inc. d/b/a Thrifty Car Rental | * | |
| | * | |
| Defendant. | * | |

ACKNOWLEDGEMENT

I, _____, have read the Agreed Protective Order entered in the above-captioned matter, and I understand the contents thereof.  I hereby agree to comply with all terms, conditions, and restrictions contained in said Agreed Protective Order regarding the use and disclosure of any materials labeled "Confidential Information" that I have reviewed, or will review, in connection with this matter, and I agree to be subject to the jurisdiction of the U.S. District Court for the Southern District of Ohio, Western Division, for enforcement of the Agreed Protective Order.

Dated: _____

Signed: _____